PULASKI COUNTY/Appellant, Jane Doe/Intervenor *v.*
ARKANSAS DEMOCRAT-GAZETTE, INC.

07-669                                                    260 S.W.3d 298

Supreme Court of Arkansas
Opinion delivered August 22, 2007

PER CURIAM. On August 10, 2007, Appellee Arkansas Democrat-Gazette, Inc. filed motions for clarification, to lift stay, and to expedite appeal with our court. The motions follow an order of the circuit court on a limited remand. We grant Appellee's motions to clarify and to expedite and deny the motion to lift the stay.

Following our per curiam order of July 20, 2007, no mandate was issued under Ark. Sup. Ct. R. 5-3. Absent such a mandate, the appeal is still pending in this court. We order the parties to submit a supplemental record to the original already on file with this court and to file simultaneous briefs within seven days of the entry of this order. Simultaneous reply briefs are due within three days thereafter.

Motions for clarification and to expedite granted; motion to lift stay denied.

GLAZE, J., dissents.

IMBER and DANIELSON, JJ., would grant the motion to lift stay.

TOM GLAZE, Justice, dissenting. By order dated July 20, 2007, the majority court, in a 4–3 per curiam opinion, *remanded* this matter to the trial court with instructions to conduct an in camera review to determine whether certain emails constituted a record of the performance of official functions that are or should be carried out by a public official or employee, thereby making them "public records" under the Arkansas Freedom of Information Act (FOIA). Because this is a FOIA action, which requires expedited treatment by the Arkansas courts, we further ordered the circuit court to address this matter forthwith.

The circuit court held a prompt hearing on July 24, 2007, and at the conclusion of the hearing, the court decided that all emails, except for thirteen of them, should be released to the Arkansas Democrat–Gazette within twenty-four hours after the entry of its order, entered on August 3, 2007.

Pulaski County and Jane Doe continue to disagree with the outcome of the circuit court's latest August 3 order, and they seek a new appeal, which in my view serves only to prolong this case — a problem I predicted in my dissent to this court's July 20, 2007, majority opinion. To permit this appeal would be to interpret Arkansas's FOIA in such a way as to undermine the purpose and intent of the law. When this court remands a case, it means something further is required by the circuit court, and the case is returned so that the circuit court can address and decide those matters not previously addressed. In other words, our court did not dispose of this appeal in its per curiam order of remand on July 20, 2007, but instead maintained jurisdiction over this appeal.

Pulaski County and Jane Doe still seek to challenge the circuit court's August 3, 2007, order; however, they could have finalized this case by promptly returning it to our court for conclusion. Actually, it was at the first hearing before the circuit court when Pulaski County and Doe should have presented evidence to show that the emails were not public records. They failed to meet their burden, and as a consequence, the circuit court properly held all of the emails at issue were presumed public records, as provided in the FOIA. See Ark. Code Ann. § 25-19-103(5)(A) (Supp. 2005).

In sum, I am of the opinion that Pulaski County and Jane Doe's attempt to file a new appeal borders on the frivolous, consequences of which could have been dealt with under Ark.

Code Ann. § 25-19-107 (Repl. 2002).[1] At the very least, where a plaintiff (here Democrat-Gazette) substantially prevails and the public officials act arbitrarily or in bad faith in withholding records, the court shall assess reasonable attorney's fees and other litigation expenses.

As noted above, the circuit court at its second hearing found all the emails but thirteen were public records that should be released to the Democrat-Gazette. The circuit court held that, even though the excluded emails were generated by Quillin and Doe, using the county's computer during business hours, these two parties' sexually explicit photos were personal and bear no relationship to the business aspect of Quillin and Doe's relationship. Surely the General Assembly had no intention to allow pornographic materials to be authorized by a county employee to use county computers during work hours, which is exactly what has happened here. Nor should county employees escape detection when found participating in such obscene conduct. For our court to interpret the FOIA in this manner will cause us to reach an absurd result, as has been demonstrated in this appeal.

For all the reasons discussed above, I would lift the stay in this matter because I find no clarification is necessary as the circuit court's initial decision is a correct one and should be reinstated, making all the emails in question public records. Our court's failure to correct its decision remanding this case for a second hearing by the circuit court will serve only to permit Pulaski County and Doe to unnecessarily prolong this litigation, since this case was correctly decided by the circuit court in its order entered August 3, 2007.

---

[1] See specifically Ark. Code Ann. § 25-19-107(d): In any action to enforce the rights granted by this chapter, or in any appeal therefrom, the court shall assess against the defendant reasonable attorney's fees and other litigation expenses reasonably incurred by a plaintiff who has substantially prevailed unless the court finds that the position of the defendant was substantially justified or that other circumstances make an award of these expenses unjust. However, no expenses shall be assessed against the State of Arkansas or any of its agencies or departments. If the defendant has substantially prevailed in the action, the court may assess expenses against the plaintiff only upon a finding that the action was initiated primarily for frivolous or dilatory purposes.